UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
MARINA AVRUTSKAYA,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
--------------------------------------------------X

REPORT AND
RECOMMENDATION
24 CV 5504 (NCM)(RML)

LEVY, United States Magistrate Judge:

By order dated February 24, 2026, the Honorable Natasha C. Merle, United States District Judge, referred plaintiff's motion for attorney's fees to me for report and recommendation.  For the reasons stated below, I respectfully recommend that the motion be granted.

BACKGROUND

Plaintiff Marina Avrutskaya ("plaintiff") brought this lawsuit challenging a decision by the Social Security Administration (the "SSA" or "defendant") denying her application for disability insurance benefits and supplemental security income.  (Complaint, filed Aug. 6, 2024, Dkt. No. 1, ¶ 5.)  Following remand to the SSA, an administrative law judge issued a decision in plaintiff's favor and awarded past-due benefits.  (Declaration of Daniel A. Osborn, Esq., dated Feb. 5, 2026 ("Osborn Decl."), Dkt. No. 18, ¶¶ 12, 13.)  Plaintiff's counsel, Daniel A. Osborn ("Osborn" or "plaintiff's counsel"), now seeks attorney's fees.[1]  (Notice of Motion for Attorney's Fees, dated Feb. 5, 2026 ("Mot."), Dkt. No. 18.)

---

[1]  Although plaintiff moves for attorney's fees, the real party in interest is plaintiff's counsel. Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002).  The SSA Commissioner "has no direct

*(Continued . . . .)*

Plaintiff retained Osborn as counsel to initiate this civil action seeking judicial review and reversal of the SSA's final decision denying plaintiff's claim for benefits. (Osborn Decl. ¶ 2.) Plaintiff agreed that if she prevailed in the litigation, Osborn would be entitled to the greater of fees awarded under the Equal Access to Justice Act ("EAJA") or from her past-due benefits, pursuant to 42 U.S.C. § 406(b), and subject to a twenty-five percent limit. (Attorney Fee Agreement, attached as Ex. 1 to Osborn Decl., dated Aug. 27, 2024 ("Fee Agreement"), Dkt. No. 18-2, at 1-2.) After plaintiff moved for judgment on the pleadings, the parties stipulated to remand the case to the SSA. (Joint Motion to Remand, dated May 8, 2025, Dkt. No. 13.) The court then reversed the SSA's final decision, remanded this case for further administrative proceedings, and awarded plaintiff's counsel EAJA fees of $7,245. (Stipulation and Order of Remand to SSA, so-ordered May 9, 2025, Dkt. No. 14; Stipulation and Order Regarding EAJA Fees, so-ordered Aug. 11, 2025, Dkt. No. 17; see also Osborn Decl. ¶¶ 9–11.)

On December 29, 2025, the SSA mailed plaintiff a Notice of Award informing her that she would receive approximately $115,730 in past-due benefits, with twenty-five percent ($28, 932.50) withheld as possible attorney's fees. (Notice of Award, attached as Ex. 4 to Osborn Decl., dated Dec. 29, 2025 ("Notice of Award"), Dkt. No. 18-5, at 5.[2]) Osborn submits in his declaration that the Notice of Award was sent to plaintiff's prior counsel, who had represented plaintiff before the SSA; prior counsel forwarded the Notice of Award letter to Osborn on January 22, 2026. (Osborn Decl. ¶ 15.)

---

financial stake" with respect to an attorney's fees award but "plays a part in the fee determination resembling that of a trustee for the claimants." Id.

[2] The Notice of Award does not state the exact amount of past-due benefits awarded but notes that the SSA "usually" withholds twenty-five percent for potential attorney's fees and, in this case, was withholding $28,932.50. (Notice of Award at 6.) Based on this information, the court infers the total amount of past-due benefits as $115,730 (i.e. $28,932.50 x 4).

Osborn now seeks $28,932.50 for work performed before this court. (Mot.; Memorandum of Law in Support of Motion for Attorney's Fees, dated Feb. 5, 2026, Dkt. No. 18-7, at 1.) Along with the motion, Osborn submitted a fee agreement, demonstrating that plaintiff retained Osborn on a twenty-five percent contingency-fee basis (Fee Agreement at 2), and itemized time records, indicating that he spent a total of 32.5 hours litigating this matter before this court (Time Records, attached as Ex. 2 to Osborn Decl. ("Time Records"), Dkt. No. 18-3, at 3–4). Of those 32.5 hours, 29.3 hours were attorney time and 3.2 hours were paralegal time. (Id.) Deducting the paralegal time at $100 per hour results in an effective hourly rate of $976.54 for Osborn's 29.3 hours of attorney work (($28,932.50 – $320) ÷ 29.3 hours). See Velasquez v. Comm'r of Soc. Sec., No. 21 CV 892, 2025 WL 1249604, at *3 (E.D.N.Y. Apr. 30, 2025) (deducting paralegal time at $100 per hour to calculate the effective attorney hourly rate); Long v. Comm'r of Soc. Sec., No. 18 CV 1146, 2020 WL 6545904, at *3 (E.D.N.Y. Nov. 6, 2020) (same). "Defendant neither supports nor opposes [Osborn]'s request for attorney's fees under 42 U.S.C. § 406(b)." (Defendant's Response to Motion for Attorney's Fees, dated Feb. 19, 2026, Dkt. No. 19, at 1.)

**DISCUSSION**

I.   Timeliness

"Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure." Miller v. Comm'r of Soc. Sec., No. 20 CV 5214, 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing Sinkler v. Berryhill, 932 F.3d 83, 91 (2d Cir. 2019)). The fourteen-day period begins to run when "counsel receives notice of the benefits award." Sinkler, 932 F.3d at 88.

3

The SSA issued the Notice of Award on December 29, 2025 (Osborn Decl. ¶ 13), and Osborn filed the instant motion thirty-eight days later, on February 5, 2026 (Mot.). Osborn states that he did not receive the Notice of Award until January 22, 2026, when it was forwarded to him by plaintiff's prior counsel. (Osborn Decl. ¶ 15.) Courts in this district have concluded that the fourteen-day period starts "when counsel receives notice of the benefit award . . . because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." Hanlon v. Comm'r of Soc. Sec., No. 18 CV 7090, 2022 WL 103640, at *1 (E.D.N.Y. Jan. 11, 2022) (quoting Williams v. Comm'r of Soc. Sec., No. 18 CV 4734, 2021 WL 4480536, at *2 (E.D.N.Y. Sep. 30, 2021) (collecting cases)). Starting the clock when a plaintiff receives notice would otherwise seem inequitable, "depriving counsel of fees to which they are entitled through no fault of their own, and creating a perverse incentive for plaintiffs to conceal that they had received notice of benefits in order to avoid paying their attorneys and thereby keep the entirety of their awards for themselves." Id. The court, therefore, calculates the fourteen-day filing period from January 22, 2026, the day Osborn received the Notice of Award from plaintiff's prior counsel. Because Osborn filed the present motion fourteen days later, on February 5, 2026, the motion is timely filed.

II. Reasonableness of the Requested Fee

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). "If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness." Hill v. Comm'r of Soc. Sec., No. 20 CV 3821, 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (citing Fields v. Kijakazi, 24 F.4th 845, 853

4

(2d Cir. 2022)).  Here, plaintiff retained Osborn pursuant to a contingency fee agreement that entitles him to up to twenty-five percent of plaintiff's past-due benefits.  (See Fee Agreement at 2.)  There are no allegations of fraud or overreach with respect to the fee agreement.  The court, therefore, proceeds by testing the fee for reasonableness.

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits; and (3) "whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney."  See Logan v. Comm'r of Soc. Sec., No. 23 CV 1813, 2026 WL 787870, at *2 (E.D.N.Y. Mar. 20, 2026) (quoting Fields, 24 F.4th at 853).  "Whether an award represents a windfall to the attorney is context-dependent; a court may consider 'the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do.'"  Bohm v. Comm'r of the Soc. Sec. Admin., No. 22 CV 4114, 2026 WL 1283268, at *3 (E.D.N.Y. May 11, 2026) (quoting Fields, 24 F.4th at 854).

Here, all three factors support a finding of reasonableness.  First, the fee is in line with the character of Osborn's representation and the results achieved.  Osborn's advocacy prompted the SSA to agree to a remand and to award plaintiff past-due benefits.  This factor, therefore, supports a finding of reasonableness.  See, e.g., Hager v. Comm'r of Soc. Sec., No. 20 CV 9271, 2025 WL 4717717, at *3 (S.D.N.Y. Oct. 14, 2025) (finding that where "the [SSA] agreed to remand . . . [and] Plaintiff was granted a second hearing before an ALJ, who found Plaintiff to be disabled and entitled to receive benefits," fee was in line with character of representation and results achieved), report and recommendation adopted, 2026 WL 1272352

(S.D.N.Y. May 8, 2026).  Second, although Osborn requested—and was granted—two extensions of time to file plaintiff's motion for judgment on the pleadings, he had a valid basis for making his requests, the requests were made with defendant's consent, and the requests did not result in an unreasonable delay.  (Letter of Daniel A. Osborn, Esq., dated Dec. 31, 2024, Dkt. No. 8; Letter of Daniel A. Osborn, Esq., dated Feb. 18, 2025, Dkt. No. 9.)

Third, $28,932.50 is not so large a fee award as to constitute a windfall considering the 29.3 hours of attorney time spent and the successful result achieved.  In Fields, the Second Circuit instructed courts to look beyond the *de facto* hourly rate and consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  24 F.4th at 854–55.  Osborn represented plaintiff for her federal court proceedings only; his work on this matter included review of the administrative record and drafting the motion papers, which resulted in a stipulated remand by the SSA.  (Time Records at 3.)  The 29.3 hours of attorney time spent on this matter fall within the twenty to forty-hour range routinely approved by courts within the Second Circuit.  See Bass v. Kijakazi, No. 16 CV 6721, 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (collecting cases).  The court presumes that plaintiff is satisfied with the results, with no evidence to the contrary.  Id. at *5 (finding that counsel's success in advocating on behalf of the plaintiff "militate[s] in favor of approving" fee request).  Further, given that plaintiff did not secure a remand until after Osborn filed the motion for judgment on the pleadings, "it is apparent that a favorable outcome was uncertain."  Hager, 2025 WL 4717717, at *4.  Should this motion be granted, Osborn's efficient representation would result in an effective hourly rate of $976.54.

6

This rate is substantially below both the $1,556.98 *de facto* hourly rate approved by the Second Circuit in <u>Fields</u> and well within the range of *de facto* hourly rates approved by various courts within this Circuit. <u>Fields</u>, 24 F.4th at 856 n.10 (collecting cases approving *de facto* hourly rates between $1,289.06 and $2,100). Accordingly, I find that a $28,932.50 award does not constitute a windfall.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion be granted and plaintiff's counsel be awarded $28,932.50, pursuant to 42 U.S.C. § 406(b). I further recommend that plaintiff's counsel be directed to promptly refund to plaintiff the $7,245 of EAJA fees he received. Any objections to this report and recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal. <u>See</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72(b).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      July 2, 2026